# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **KENNY RENOVAT KENESE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 9122 |
| ) | |
| **FOUR SEASONS HOTEL**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Kenny Kenese ("Kenese") has used a form Complaint of Employment Discrimination, which is made available to unrepresented plaintiffs by the Clerk's Office, to sue his former employer Four Seasons Hotel ("Four Seasons") for various types of such discrimination, as well as charging Four Seasons with retaliation for Kenese's having initiated such charges at the EEOC level. Kenese has accompanied his Complaint with two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

This Court has exercised its best efforts to understand Kenese's contentions as set out in his hand-printed completion of Complaint ¶ 13, but it has found his Charge of Discrimination (the "Charge"), as typed up by Illinois Department of Human Rights personnel, to be more useful in that respect. This memorandum order will pose a few questions to Kenese, the answers to which should assist in a determination as to the case's going forward.

To begin with, there is a major puzzle as to whether Kenese's action is timely in term of its having been filed within 90 days after his receipt of EEOC's right-to-sue letter. In that regard

Complaint ¶ 8(b) recites that Kenese received that communication on October 28, 2014 -- but two of the documents that he has included in his current filing are totally at odds with each other:

1. One of those documents is the Charge itself, which shows that it was filed with the Illinois Department of Human Rights (and thus jointly filed with EEOC) on November 26, 2013. That could of course be consistent with the right-to-sue letter having been issued nearly a year later, as Complaint ¶ 8(b) states.

2. But EEOC's Dismissal and Notice of Rights that is attached to the Complaint -- the right-to-sue letter itself -- bears the signature of EEOC's District Director and is mysteriously dated August 14, 2013. Yet that right-to-sue letter bears the same EEOC Charge No. 440-2013-01495 as is listed on the Charge (which, as stated above, was not filed until 3-1/2 months later).

Something odd has obviously taken place here, although the clue may be in the caption of the Charge that identifies it as "AMENDED 440-2013-01495." It would seem that another right-to-sue letter must have been sent this year (presumably one that Kenese says he received on October 28). Accordingly Kenese should submit a copy of that presumably later right-to-sue letter promptly in order to clear up the confusion.

There is, however, another potential timeliness question posed by Kenese's submissions. According to his Charge attached to the Complaint, the latest date on which the asserted employment discrimination took place was January 8, 2013. Adding the statutory 300-day period to that would produce a November 4, 2013 date, but the same form shows that he did not file his Charge until November 26 of that year. On that basis his charges of discrimination based

on his claimed disability and his national origin would be untimely, although his claim of retaliation would not. So it would be much appreciated if Kenese would also supplement his present filings with some further information in those respects.

At the same time, both the Charge and Kenese's current filings pose some added questions. First, neither the Charge nor the Complaint provides any information at all as to the "disability" that he claims, or relatedly as to the nature of the "reasonable accommodation" that he assertedly sought but was denied. Second, the Motion refers to only one attorney from whom he sought to obtain legal representation, and the name of that person is illegible. In that respect an unrepresented plaintiff must do something more than to state that a lawyer "did not reply" to a request for representation -- our Court of Appeals requires more effort than that before such a motion can be granted.

Kenese should not misunderstand this memorandum order. This Court has every intention of permitting his action to go forward if he fills in the several gaps that have been referred to here. As soon as that takes place, this Court would hope to go forward with Kenese's claims.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 18, 2014