IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNY RENOVAT KENESE,        )
                                                      )
                **Plaintiff,**     )
                                      )     **Case No. 14 C 9122**
      v.                                )
                                      )
**FOUR SEASONS HOTEL,**        )
                                      )
                **Defendant.**    )

## MEMORANDUM ORDER

After this Court received the chambers copy of the form Complaint of Employment Discrimination filed on November 13, 2014 by pro se plaintiff Kenny Kenese ("Kenese"), it took the prodding of no fewer than three sua sponte memorandum orders[1] before Kenese tendered a "Response" received in the Clerk's Office on December 22.[2] Even then Kenese has not dealt at all with much of what Order I had pointed to as deficiencies on his part.

One thing that the Response did clear up was a mistake committed by the EEOC itself -- the inclusion of an incorrect date in its August 14, 2014 right-to-sue letter. On December 22 EEOC wrote Kenese a letter in which it "rescind[ed] the Dismissal and Notice of Rights issued

---

[1] Order I was issued on November 18, just a day or two after the Judge's copy was delivered to chambers, while follow-up Order II was issued on December 3 and the very short further follow-up Order III concluded by establishing a December 29 drop-dead date for Kenese to address the several deficiencies that had been identified in the then-month-old Order I.

[2] As Order II had said in part:
    Unfortunately Kenese has not been as prompt in attending to his
    own case as this Court was in putting out the Order [I].

on Charge Number 440-2013-01495 for the Four Seasons Hotel," enclosing a corrected right-to-sue letter bearing that same December 22 date. And that being so, Kenese's original November 13 Complaint faced no problem with the 90-day period allowed for filing suit.

But although that correction eliminated any problem of the Complaint's untimeliness as such, Kenese has offered no explanation at all for the untimeliness of his EEOC Charge of Discrimination to begin with. That Charge had identified January 8, 2013 as the latest date on which the asserted employment discrimination by employer Four Seasons Hotel ("Four Seasons") took place, so that Kenese's November 26, 2013 filing of his EEOC Charge took place more than 300 days later. That being so, Kenese's charges of discrimination based on his claimed disability and his national origin were untimely brought -- and unless Four Seasons fails to raise <u>that</u> untimeliness issue (a prospect that seems remote), those contentions will be time-barred.

That would leave standing Kenese's claim of retaliation, so that a dismissal of Kenese's entire Complaint and this action are not called for. On that premise Kenese's In Forma Pauperis Application is granted, but because Kenese's current Response does not speak to the inadequacy of his Motion for Attorney Representation (another flaw specifically brought to his attention by Order I), that motion is denied.

In summary, this action will indeed proceed, albeit on the limited basis described here. This Court is contemporaneously issuing an initial scheduling order and is transmitting to Kenese, together with a copy of this memorandum order, the forms that he must provide to the

United States Marshal's Service so that it may serve Four Seasons with process (although Kenese may of course arrange for such service himself if he so chooses.)

                                                                   Milton I. Shadur
                                                                   United States District Judge

Dated: January 9, 2015